[Cite as *State v. Lester*, 2017-Ohio-6972.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-824 |
| | | (C.P.C. No. 14CR-6377) |
| Nyles J. Lester, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 25, 2017

**On Brief:** *Toki Michelle Clark*, for appellee.

**On Brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Nyles J. Lester is appealing from his conviction for rape and kidnapping. He assigns three errors for our consideration:

[I.] THE VERDICT OF GUILTY IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.

[II.] DUE PROCESS, AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE ONE OF THE OHIO CONSTITUTION, IS VIOLATED WHEN EVIDENCE OF A PARTIAL Y CHROMOSOME IS USED IN A RAPE TRIAL.

[III.] A VIOLATION OF THE FEDERAL AND STATE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAUSES OCCURS WHERE A RAPE

CONVICTION BASED ON NON-DNA PARTIAL Y CHROMOSOMES RESULTS IN LIFETIME REGISTRATION DUTIES.

{¶ 2} The evidence presented at trial indicated that Nyles Lester had sexual intercourse with a heavily intoxicated female college student. The college student was so drunk that she did not recall all the details, but she clearly recalled Lester being on her and in her. The incident was reported to police immediately after it occurred.

{¶ 3} The first assignment of error argues that because none of the DNA of Lester was found on the body of the female college student and because the student was so heavily intoxicated, the student's report of being raped could not support a conviction.

{¶ 4} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 5} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Id.* In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "

'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 6} The college student did not know if Lester had on a condom or even if Lester ejaculated. Thus, the fact that no semen was found to be tested is not proof of Lester's innocence.

{¶ 7} A vaginal swab obtained shortly after the student told friends she had been raped contained evidence of male DNA. Analysis of the swab could not identify the male donor, but Lester was not excluded as the male donor. In short, the DNA evidence did not prove that a rape occurred, but it did not prove that a rape did not occur. The jury had to rely on the testimony of the female college student and found it sufficiently believable to support a finding beyond a reasonable doubt that a rape occurred. Several other witnesses established that Lester had been a person present that evening and a person who interacted with the female college student.

{¶ 8} In many ways, this prosecution parallels what rape prosecutions were like before DNA evidence became such an important part of criminal law prosecutions. A young woman who is intoxicated came to and realized a man was on her and in her. She almost immediately told her friends and then the police. The man she identified as raping her was soon charged and then tried before a jury. The evidence was clearly sufficient.

{¶ 9} No evidence was presented which indicated Lester was not the person interacting with the woman. Further, there was no evidence of consent. The verdict was consistent with the weight of the evidence.

{¶ 10} The first assignment of error is overruled.

{¶ 11} The second and third assignments of error attack the fact that testimony was placed before the jury which indicated that a swab from the female college student was found to contain a partial Y chromosome. We find no fault with this evidence being presented.

{¶ 12} The Y chromosome evidence indicated, at most, that at some point in time, the female college student had contact with a male who left a cell in her body. This evidence could not be key to the jury's verdict. It protected the prosecution from an accusation that it did not thoroughly investigate the case, but did little more.

{¶ 13} Once Lester was convicted of rape, the statute of Tier III offender was required by statute. The reporting requirements accompany his status as a Tier III offender.

{¶ 14} The trial court did not err.

{¶ 15} The second and third assignments of error are overruled.

{¶ 16} All three assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

———————————